UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 21-20046
        Hon. Denise Page Hood

FREDERICK LEE RODGERS,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S REQUEST FOR NEW COUNSEL AND DEFENSE COUNSEL'S MOTION TO WITHDRAW AS COUNSEL AND SETTING STATUS CONFERENCE

**I.    BACKGROUND**

This matter is before the Court on Defendant Frederick Lee Rodger's Letter Request for New Counsel (ECF No. 74) and defense counsel Kimberly W. Stout's second Motion for Withdrawal as Counsel (ECF No. 76). The Government takes no position on the Request/Motion. A hearing was held on the matter on April 11, 2022. For the reasons set forth on the record and below, the Court grants Defendant's Letter/Request and defense counsel's motion.

On January 27, 2021, a Grand Jury indicted Rodgers with possession with intent to distribute methamphetamine, 21 U.S.C. §841(a)(1) (Counts I-II), and possession with intent to distribute fentanyl, 21 U.S.C. §841(a)(1) (Counts III-IV). (ECF No. 18). The Federal Community Defender Office was initially appointed as

counsel for Rodgers upon his appearance on the Complaint. (ECF No. 4). Attorney Jonathan M. Epstein initially appeared on behalf of Rodgers. Attorney Kimberly W. Stout thereafter appeared when the Court granted Attorney Epstein's Motion to Withdraw as Counsel. Attorney Stout filed a previous Motion for Withdrawal, which was denied without prejudice by the Court. Attorney Stout has now filed a Second Motion for Withdrawal, and Rodgers has also filed a Letter Request for new counsel.

The Local Rules provide that an attorney making an appearance on behalf of a defendant continues to represent the defendant through an appeal unless the district court grants a motion to withdraw prior to the notice of appeal being filed. E.D. Mich. L.Cr.R. 57.1(a). "An attorney who has appeared in a criminal case may thereafter withdraw only by *written motion* ..." E.D. Mich. LCrR 57.1(b).

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988). The Sixth Amendment does not guarantee a "meaningful relationship"

between a defendant and his attorney. *Morriss v. Slappy*, 461 U.S. 1, 14 (1983). A motion for new court appointed counsel based upon defendant's dissatisfaction with his counsel is addressed to the sound discretion of the trial court. *United States v. White*, 451 F.2d 1225 (6th Cir. 1971). The defendant's right "to court appointed counsel does not carry with it the right to select a particular attorney." *Id.*

Based on Counsel's motion and Rodgers' letter, it appears there has been a break down in the attorney-client relationship. Counsel indicates she and her client have had several disputes regarding the issues in this case and many discussions of Counsel withdrawing as counsel. Counsel further indicates that Rodgers continues to write letters to the Court, despite Counsel's request to refrain from doing so. Counsel asserts that she negotiated a Rule 11 Plea Agreement with the Government, tailored to Rodgers' requests, but Rodgers refuses to sign the Agreement.

Rodgers in his letter indicates he has no confidence on Counsel's understanding of the case nor the law. He claims he has attempted to work with Counsel but she does not care about his life. Rodgers asserts that he has told her that he is innocent and that he wants her to file a motion for dismissal based on false allegations by the Government, but Counsel refuses to do so. Rodgers seeks a lawyer who has more time to help him.

Based on the above, it appears there has been a breakdown in the attorney-client

relationship where defense counsel is unable to assist Rodgers, and that Rodgers is not able to assist counsel in his defense. At the hearing, the Court noted that any counsel appointed to advice and assist a defendant gives his or her professional advice based on the law, the evidence the Government has produced to the defense and counsel's experience. The Court is unable to advise Rodgers on how to proceed with the case. Rodgers is not entitled to counsel of his choice nor an unlimited number of counsel.

The Court notes that Rodgers' previous Motion to Dismiss was stricken because it was not filed by counsel. It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987) (Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-923 (6th Cir. 2004). A court's discretion to reject hybrid representation may apply to the filing of motions. *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother). The Sixth Circuit's analysis in *Mosely*

4

is extended to filings of motions. *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished). Counsel does not have to file motions which counsel believes may not be supported by the law and evidence and, any further motions not filed by counsel will be stricken.

The Court further notes that each time new motions are filed, the case is further delayed. As to any Rule 11 Plea Agreement offer by the Government, Rodgers has the right to reject such an offer and proceed to trial.

### III.   CONCLUSION

For the reasons set forth on the record and above,

IT IS ORDERED that Rodger's Request for new counsel (ECF No. 74) and defense counsel's Second Motion for Withdrawal as counsel (ECF No. 76) are **GRANTED.**

IT IS FURTHER ORDERED that this matter is referred to the Federal Community Defender to assign new counsel.

IT IS FURTHER ORDERED that a Status Conference with new counsel is set for **April 27, 2022, 11:00 a.m.**

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  April 12, 2022